IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| D.T., a minor, by and through his parent/guardian and next friend ELISHA THORTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INDEPENDENT SCHOOL DISTRICT NO. I-002, CREEK COUNTY, OKLAHOMA a/k/a BRISTOW PUBLIC SCHOOLS, and FLOYD C. ROBINSON, individually,<br><br>Defendants. | Case No. 24-cv-00390-SH |

## OPINION AND ORDER

Before the Court are Defendant Floyd Robinson's ("Robinson") motion to stay civil proceedings and motion to stay deadline for filing answer.[1] Robinson maintains this case must be stayed until the conclusion of a related criminal case to preserve his Fifth Amendment privilege against self-incrimination. The Court finds Robinson can be protected by alternative, less drastic measures. The Court further finds that staying the answer is not warranted. Both motions will be denied.

### *Background*

Plaintiffs allege they were minor students at Independent School District No. I-002 of Creek County, Oklahoma a/k/a Bristow Public Schools ("BPS") during the 2023–2024 academic school year. (ECF No. 2 ¶ 21.) On February 27, 2024, Plaintiffs allege Robinson, a BPS coach, recorded them while they were changing in the track locker room.

---

[1] The parties have consented to the jurisdiction of a U.S. Magistrate Judge for all purposes under 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a). (ECF No. 23.)

(*Id.* ¶¶ 22, 24.)  After the incident was reported, local police allegedly discovered a video on Robinson's phone that showed many of the Plaintiffs undressing, including some who were completely nude.  (*Id.* ¶ 26.)  Plaintiffs further allege that Robinson has a decades-long history of exhibiting inappropriate sexual behavior towards male students (*id.* ¶¶ 18, 28); BPS had knowledge of this behavior since 1993 (*id.* ¶ 28); and BPS allowed this behavior to continue despite such knowledge (*id.* ¶ 33).  (*See also id.* ¶¶ 29–30, 32 (citing other alleged incidents).)

Robinson was arrested for crimes related to the February 27, 2024 incident, and has been charged in Creek County District Court in case number CF-2024-16 for procuring child pornography and other charges.  (*Id.* ¶¶ 27, 37.)  His case is set for preliminary hearing on February 14, 2025.  *See State v. Robinson*, No. CF-2024-16, Mot. for Continuance & Order (Creek Cty. Dist. Ct. Dec. 13, 2024).[2]

On August 23, 2024, Plaintiffs filed this suit.  (ECF No. 2.)  Plaintiffs assert claims against BPS for negligence under the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151–172, and negligence per se; violation of their Fourteenth Amendment rights under 42 U.S.C. § 1983; and violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681—1689.  (*Id.* ¶¶ 38–93.)  Plaintiffs assert claims against Robinson for gross negligence, invasion of privacy and/or seclusion, assault and battery, and intentional infliction of emotional distress.  (*Id.* ¶¶ 94–113.)

---

[2] The motion to stay includes a copy of the state court docket sheet (ECF No. 9-1), but there have been additional entries since its submission.  The Court takes judicial notice of these additional entries, as they have a direct relation to the motions before the Court.  *See St. Louis Baptist Temple v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").  The docket is available at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=bristow&number=CF-2024-16 (last visited Jan. 29, 2025).

2

Robinson moves for a stay of all civil proceedings until his criminal case is tried. (ECF No. 9.) Robinson separately moves to stay his deadline to file an answer. (ECF No. 10.) Plaintiffs oppose both motions. (ECF Nos. 13–14.) BPS does not. (ECF No. 26.)

*Analysis*

## I.   Legal Standard

Robinson requests the Court impose a stay to protect his Fifth Amendment privilege against self-incrimination.[3] "The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009); *see also id.* (explaining a defendant "has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege" (quoting *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995))). However, the Court may use its discretion to stay civil proceedings when justice so requires. *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1236 (N.D. Okla. 2003). In determining whether the interests of justice require a stay, the Court must consider how the Fifth Amendment privilege against self-incrimination is implicated. *Creative Consumer Concepts*, 563 F.3d at 1080. A stay of civil proceedings while related criminal proceedings are pending may also be appropriate to prevent the

---

[3] The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. amend. V. Though framed in the criminal context, the privilege against self-incrimination "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory." *Bialek v. Mukasey*, 529 F.3d 1267, 1272 (10th Cir. 2008) (quoting *Kastigar v. United States*, 406 U.S. 441, 444 (1972)). The privilege extends not only to answers that would support a conviction but to any information that would "furnish a link in the chain of evidence that could lead to prosecution." *United States v. Rivas-Macias*, 537 F.3d 1271, 1278 (10th Cir. 2008) (quoting *Maness v. Meyers*, 419 U.S. 449, 461 (1975)).

parties from "taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Id.*

Courts within the Tenth Circuit typically balance the following six factors in determining whether a stay is appropriate: (1) the overlap between civil and criminal cases; (2) the status of the criminal case, including whether the defendant has been indicted (*i.e.,* whether charges have been filed); (3) the plaintiffs' private interest in proceeding expeditiously versus the prejudice caused by a delay; (4) the private interests of and burden on the defendant; (5) the Court's interest; and (6) the public's interest. *See, e.g., In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d at 1236–37; *Obispo v. Ishkiret's Grp.*, No. CIV-24-889, 2024 WL 5056643, at *2 (W.D. Okla. Dec. 10, 2024); *J.O. v. Bd. of Educ. of Albuquerque Pub. Schs.*, No. 23-cv-01021, 2024 WL 3181442, at *2 (D.N.M. June 26, 2024); *Davis v. True*, No. 21-cv-03305, 2022 WL 425238, at *2 (D. Colo. Feb. 10, 2022); *Garcia v. City of Leavenworth*, No. 19-2049, 2019 WL 3302306, at *2 (D. Kan. July 23, 2019). The Court addresses each factor in turn.

## II. Application of Six-Factor Test

### A. Overlap of Issues

Some courts have held that the extent of overlap between civil and criminal cases is the "most important factor in ruling on a motion to stay." *S.E.C. v. Gordon*, No. 09-CV-0061-CVE-FHM, 2009 WL 2252119, at *4 (N.D. Okla. July 28, 2009) (quoting *S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008)). Self-incrimination is more likely to occur when there is significant overlap; however, if there is no overlap, there is no danger of self-incrimination and no need for a stay. *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

4

Plaintiffs concede "the criminal case at issue concerns the same facts and allegations as the underlying civil case." (ECF No. 13 at 3.[4]) This factor weighs in favor of granting the stay.

### B.  Status of Criminal Case

The second factor looks to the status of the criminal case, including whether charges have been filed. "A stay is most appropriate after charges have been filed because 'the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued,' and 'the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved . . . .'" *Obispo*, 2024 WL 5056643, at *4 (quoting *Transworld Mech.*, 886 F. Supp. at 1139); *but cf. Garcia*, 2019 WL 3302306, at *2 (finding factor weighed against stay where indictment was filed, but no trial date was set and defendant was essentially asking for an indefinite stay).

A criminal information was filed against Robinson in Creek County on February 28, 2024.  (ECF No. 9-1 at 1.)  However, the case has not significantly progressed since then.  No preliminary hearing has occurred,[5] no trial date has been set,[6] and there is no indication when this case would be resolved.  With no trial date set, Robinson's request for a stay until his criminal case is tried is, in effect, a request for an indefinite stay.  (*See*

---

[4] References to page numbers refer to the ECF header.

[5] So far, the preliminary hearing has been set three times.  First, the preliminary hearing was set for September 16, 2024, but the State requested a continuance because it did not have all evidence related to the case.  *State v. Robinson*, No. CF-2024-16, Mot. for Continuance & Order (Creek Cty. Dist. Ct. Sept. 18, 2024).  Second, the preliminary hearing was set for December 13, 2024, but the State requested a continuance with the agreement of Robinson's attorney.  *State v. Robinson*, No. CF-2024-16, Mot. for Continuance & Order (Creek Cty. Dist. Ct. Dec. 13, 2024).  Third, the latest preliminary hearing is set for February 14, 2025.  *See id.*

[6] The state court docket does not show Robinson's case has been set for trial, and Robinson only asks the Court for a stay until his criminal case is tried.  But, there is nothing before the Court that indicates when this trial will actually occur.

ECF No. 9 at 1.) Under these circumstances, the Court finds this factor weighs in favor of denying the stay. *See Garcia*, 2019 WL 3302306, at *2.

### C.  Plaintiffs' Interests

The third factor weighs Plaintiffs' interest in proceeding expeditiously against any prejudice a delay would cause them. Plaintiffs have a "substantial interest" in the prompt resolution of their claims, *Yazzie v. Fezatte*, No. 16-CV-00472, 2019 WL 1865204, at *5 (D.N.M. Apr. 25, 2019), which necessarily includes a "speedy discovery process," *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d at 1239 (quoting *Digit. Equip. Corp. v. Currie Enters.*, 142 F.R.D 8, 12 (D. Mass. 1991)).

Plaintiffs argue a stay is prejudicial because: (1) it prevents them from "mov[ing] forward with their lives"; (2) discovery will already take significant time, particularly given the large number of parties; (3) Plaintiffs may move outside the state once they graduate high school or reach the age of majority; and (4) a delay may result in the loss of memories and evidence.[7] (ECF No. 13 at 4–5; *see also id.* at 1 (noting witnesses range from school age to elderly).)

In considering a plaintiff's potential prejudice, courts regularly consider the length of the requested stay, and stays for an indefinite period of time are more likely to be considered prejudicial. *See, e.g., Harris v. McCurtain Cnty. Jail Trust*, No. 22-cv-187, 2024 WL 3443885, at *3 (E.D. Okla. July 17, 2024) ("Defendants are requesting a stay of the entire case for an indefinite period which would continue to deny the Plaintiff his day in court . . . ."); *J.O.*, 2024 WL 3181442, at *4 ("The Court finds that granting a stay of

---

[7] While the undersigned does not treat the facts as established, the Court in Robinson's criminal case further stated last year that he is 74, has diabetes, and is in need of medical attention. *See State v. Robinson*, No. CF-2024-16, Order (Creek Cty. Dist. Ct. Mar. 19, 2024). If true, Robinson's age and poor health would further support a conclusion that the stay would be prejudicial to Plaintiffs.

indefinite duration would prejudice J.O. and that this factor weighs heavily against doing so."); *Brown v. Tennison*, No. 19-cv-00941, 2020 WL 12371300, at *3 (D. Colo. Jan. 13, 2020) ("But an indefinite stay would place a serious infringement on Plaintiffs' interest to resolve this matter expeditiously.  The uncertainty concerning the duration of a stay premised on resolution of [defendant's] criminal matter disfavors a stay.").[8]

As explained above, Robinson is requesting an indefinite stay.  Plaintiffs have provided many reasons why this would be prejudicial, which Robinson has not disputed.  The Court finds these arguments persuasive.  This factor weighs in favor of denying the stay.

### D.     Robinson's Interests

The fourth factor evaluates the private interests of and burden on the defendant.  Robinson has a "clear interest in protecting himself from self-incrimination during" civil discovery.  *Stohr v. Scharer*, No. 17-1018, 2018 WL 2427427, at *3 (D. Kan. May 30, 2018).  If a stay is not entered, Robinson argues he would be forced to "choose between waiving Fifth Amendment rights to defend himself in this suit or 'asserting the privilege and probably losing the civil case.'" (ECF No. 9 at 4 (citation omitted); *see also id*. at 2 (arguing discovery will force him to reveal his criminal defense strategy).)  Plaintiffs argue and stay is not necessary, because less burdensome tools are available to protect Robinson's interests and limit his burdens.  (ECF No. 13 at 5.)

"The Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them

---

[8] In *Harris* and *J.O.*, there were no pending criminal proceedings.  *See* 2024 WL 3443885, at *3; 2024 WL 3181442, at *4.  In *Brown*, the criminal trial was scheduled for only a month out, but the civil court found the criminal court might continue the trial date due to ongoing negotiations.  2020 WL 12371300, at *3.

. . . ." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).  Thus, without any safeguards, Robinson is correct that he would have to decide between invoking his Fifth Amendment privilege with the risk of adverse inferences or responding to civil discovery with the risk that his responses will be used against him in his criminal case.  *Digit. Equip. Corp.*, 142 F.R.D at 13.  While this choice is not unconstitutional, it no doubt creates a significant burden.  *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1039 (W.D. Mich. 2007); *Jackson v. Boars Nest Bar & Grill*, No. 18-3154, 2019 WL 13116567, at *3 (C.D. Ill. Sept. 25, 2019).

That said, the Court agrees with Plaintiffs that Robinson's Fifth Amendment rights can be protected without issuing an indefinite stay.  *See Digit. Equip. Corp.*, 142 F.R.D. at 13 n.9 ("[A] general stay of all civil discovery is not by any means the best option available to the court or to the litigants." (citation and internal quotation marks omitted)).  Other less drastic methods, including protective orders, a sealed deposition, and sealed interrogatories, would provide adequate protection to Robinson and allow this case to move forward.[9]  *See In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d at 1240–41 (denying motion to stay discovery and ordering that defendant's deposition be sealed and not be used for any purpose outside civil proceeding except perjury or impeachment); *Garcia*, 2019 WL 3302306, at *3 (finding use of protective orders, sealed depositions/interrogatories, and stays limited in time or subject matter would adequately protect defendant).  This factor weighs in favor of denying the stay.

### E. The Court's Interests

The Court's primary interest is in the "quick and efficient management of its caseload."  *Garcia*, 2019 WL 3302306, at *4.  Staying a civil case until completion of

---

[9] This list is illustrative and is not intended to limit the parties' ability to seek alternative forms of protection for Robinson.

related criminal proceedings "is inconvenient for the court, especially where—like in [Robinson's] situation—there is no date set for the criminal trial." *ESG Cap. Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1047 (C.D. Cal. May 16, 2014); *see also Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010) (explaining an ill-advised stay leads to a "less predictable" and "less manageable" docket). However, "resolution of the criminal case may (1) increase the possibility of settlement of the civil case, and (2) 'may reduce the scope of discovery in the civil case [as] the evidence gathered during the criminal prosecution can later be used in the civil action.'" *Berreth v. Frazee*, No. 19-cv-00027, 2019 WL 10250759, at *2 (D. Colo. Apr. 1, 2019) (quoting *Transworld Mech.*, 886 F. Supp. at 1140). While there are some benefits to granting the stay, the Court finds on balance a stay would result in judicial inefficiency and unnecessary delay. This factor weighs in favor of denying the stay.

### F. The Public's Interests

The public has an interest in both the "prompt resolution of civil cases" and the "fair prosecution of criminal cases." *Garcia*, 2019 WL 3302306, at *3 (quoting *Digit. Equip. Corp.*, 142 F.R.D at 14). Because Robinson's constitutional rights can be protected through alternative means, the Court finds this factor weighs in favor of denying the stay.

### III. Robinson's Motion to Stay His Answer Date

The parties focus their briefing on Robinson's motion to stay the case as a whole. And, as noted above, much of the case law is focused on the Fifth Amendment risks presented by discovery. Robinson separately asks that his answer or motion deadline be stayed, but offers no additional legal support for this request. The Court finds that the reasons supporting a denial of the stay of the full case further support a denial of the

9

motion to extend the answer deadline.[10] The burdens Robinson faces in choosing to deny or admit allegations—or assert his Fifth Amendment rights where appropriate—are less than those faced when a defendant is testifying or answering interrogatories under oath. The other factors weighing against the stay, however, are not lessened. This separate motion will also be denied.

### *Conclusion*

On balance, the factors weigh in favor of denying the stay. Although Plaintiffs concede there is overlap between the civil and criminal cases, the Court finds Robinson's Fifth Amendment rights can be protected through the use of less drastic tools.

IT IS THEREFORE ORDERED that *Defendant Robinson's Motion to Stay Civil Proceedings* (ECF No. 9) and *Defendant Robinson's Motion to Stay Deadline for Filing Answer* (ECF No. 10) are **DENIED**. Robinson shall answer, file motions, or otherwise respond to the complaint within 14 days of this order.

ORDERED this 30th day of January, 2025.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[10] Given that any motion at this stage of the proceedings would necessarily be based on the pleadings or facts unrelated to the merits, the Court does not discern any risk to Robinson in filing a Rule 12 motion.