**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| D.T., a minor, by and through his parent/guardian and next friend ELISHA THORNTON; et al., <br><br> Plaintiffs, <br><br> v. <br><br> INDEPENDENT SCHOOL DISTRICT NO I-002, CREEK COUNTY, OKLAHOMA a/k/a BRISTOW PUBLIC SCHOOLS, and FLOYD C. ROBINSON, <br><br> Defendants. | Case No. 24-cv-00390-SH |

## OPINION AND ORDER

Before the Court is Defendant School District's motion to dismiss Plaintiffs' claims for negligence per se.[1]  Both parties agree that the negligence per se claims rely on a violation of the Oklahoma Children's Code.  Because the complaint fails to allege a violation of that Code, the motion will be granted.

### *Factual Background*

Taking the factual allegations in the first amended complaint (Dkt. No. 43) as true and viewing them in the light most favorable to the nonmoving party, Plaintiffs allege as follows:

Plaintiffs are minors who attended school within the Independent School District No. 2 of Creek County, Oklahoma, a/k/a Bristow Public Schools (the "School District")

---

[1] The parties have consented to the jurisdiction of a U.S. Magistrate Judge for all purposes under 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a).  (Dkt. No. 23.)

1

during the 2023–2024 school year. (*Id.* ¶¶ 7, 9, 21.) During that year, former Defendant Floyd C. Robinson ("Robinson") was a coach at the School District.[2] (*Id.* ¶ 22.)

On February 27, 2024, Plaintiff M.P. reported to his parents that he and other juveniles had witnessed Robinson recording them in the track locker room. (*Id.* ¶ 24.) Local police obtained a search warrant and downloaded a video from Robinson's phone that depicted multiple Plaintiffs in various stages of undress. (*Id.* ¶ 26.) On February 28, 2024, a probable cause affidavit was issued relating to anticipated charges that included procuring child pornography.[3] (*Id.* ¶ 27.)

This was not the first time complaints had been made regarding Robinson. As early as 1993, the School District had received notice of Robinson's "inappropriate actions." (*Id.* ¶ 28.) Robinson was "commonly known" for watching boys in the showers, had a "known history" of touching boys inappropriately in wrestling practices, was known as "Freaky Floyd" in the school and community, and was "well known" to require male wrestlers to weigh in naked in front of him. (*Id.* ¶¶ 29–32.) The School District did not report Robinson's conduct to the Oklahoma Department of Human Services ("DHS"). (*Id.* ¶ 49.)

---

[2] On July 28, 2025, the Court granted Plaintiffs' motion to dismiss Robinson, who is now deceased. (Dkt. Nos. 54–55.)

[3] The filings in the underlying criminal case indicate that Robinson was originally charged with (1) peeping tom with photographic or electronic equipment; (2) procuring, producing, distributing, or possessing juvenile pornography; and (3) violation of statute via computer. Information, *State v. Robinson*, No. CF-2024-16 (Dist. Ct. Creek Cnty., Bristow, Okla., Feb. 28, 2024). These charges were later amended to add several more counts. Second Amended Information, *State v. Robinson*, No. CF-2016-16 (Dist. Ct. Creek Cnty., Bristow, Okla., Feb. 14, 2025). The criminal case was dismissed on May 29, 2025, following Robinson's decease. Minute, *State v. Robinson*, No. CF-2016-16 (Dist. Ct. Creek Cnty., Bristow Div., Okla., May 29, 2025).

*Procedural Background*

Plaintiffs have filed suit against the School District asserting various claims. As pertinent here, Plaintiffs #1–13 assert claims against the School District for negligence per se. (*Id.* ¶¶ 44–54.) These plaintiffs assert that the School District and its employees or agents had a duty to report Robinson to DHS under Okla. Stat. tit. 10A, § 1-2-101(B)(1). (*Id.* ¶ 44.) They claim the failure to comply with this statutory duty was the direct and proximate cause of the abuse they suffered and their damages. (*Id.* ¶ 50–51.)

The School District moves to dismiss for failure to state a claim, namely a failure to allege facts showing it violated the listed statute. (Dkt. No. 51.)

*Analysis*

I. **Standard of Review**

To survive a 12(b)(6) motion to dismiss, "a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). All such reasonable inferences are resolved in the plaintiff's favor. *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013). But the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations and footnotes omitted); *see also Papasan v. Allain,* 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"), *quoted in Twombly*, 550 U.S. at 555.

## II. Plaintiffs #1–13 Fail to State a Statutory Duty Supporting Negligence Per Se

Plaintiffs #1–13 rely entirely on an inapplicable reporting statute as the basis of their negligence per se claim, and the claim fails for this reason. To state a claim for negligence per se, a plaintiff must allege: (1) the injury was caused by the violation of the statute or ordinance; (2) the injury was of the type intended to be prevented by the statute or ordinance; and (3) the injured party is of the class meant to be protected by the statute or ordinance. *See Hampton ex rel. Hampton v. Hammons*, 1987 OK 77, ¶ 12, 743 P.2d 1053, 1056 (addressing negligence per se based on an ordinance). In this case, Plaintiffs allege their injury was caused by a violation of Okla. Stat. Ann. tit. 10A, § 1-2-101(B)(1). (Dkt. No. 43 ¶¶ 44–50.) The School District challenges Plaintiffs' claim on the first element only, arguing the complaint fails to allege the School District violated that statute. (Dkt. No. 51 at 3–4.) The School District is correct.

The statute relied upon by Plaintiff is part of the Oklahoma Children's Code, Okla. Stat. tit. 10A, §§ 1-1-102–1-9-122. *See* Okla. Stat. tit. 10A, § 1-101(A) (defining the sections in the Code). The intent of the Children's Code is to "provide the foundation and process for state intervention into the parent-child relationship whenever the circumstances of a family threaten the safety of a child and to properly balance the interests of the parties stated herein." *Id.* § 1-1-102(B).

In fulfillment of this purpose, the Children's Code provides that the "Department of Human Services shall establish a statewide centralized hotline for the reporting of child abuse or neglect to the Department." *Id.* § 1-2-101(A)(1) (2023).[4] In the section cited by

---

[4] The Children's Code has been amended multiple times since the 2023–2024 school year. This opinion will cite the version in effect in February 2024.

4

Plaintiffs, the Code further provides, "[e]very person having reason to believe that a child under the age of eighteen (18) years is a victim of abuse or neglect shall report the matter immediately to the Department of Human Services." Okla. Stat. tit. 10A, § 1-2-101(B)(1)(a) (2023). "Abuse" is defined as "harm or threatened harm to the health, safety, or welfare of a child by a person responsible for the child's health, safety, or welfare . . . ." *Id*. § 1-1-105(2) (2023). Meanwhile,

> 'Person responsible for a child's health, safety, or welfare' includes a parent; a legal guardian; custodian; a foster parent; a person eighteen (18) years of age or older with whom the child's parent cohabitates or any other adult residing in the home of the child; an agent or employee of a public or private residential home, institution, facility or day treatment program . . .; or an owner, operator, or employee of a child care facility . . . .

*Id*. § 1-1-105(53) (2023).

Plaintiffs do not allege that Robinson was a parent, guardian, foster parent, or other type of person covered by the Children's Code, or that he was an employee of one of the carefully enumerated facilities listed in the Code. *See id*. Plaintiffs do not otherwise allege Robinson qualifies as a person responsible for their health, safety, or welfare. As such, Plaintiffs have not alleged a violation of the Oklahoma Children's Code. *See also Nation v. Piedmont Indep. Sch. Dist. No. 22*, No. CIV-18-1090-R, 2019 WL 4452953, at *4 (W.D. Okla. Sep. 17, 2019) (finding teacher does not meet statute's definition); *Brackett v. Collinsville Pub. Schs.*, No. 25-CV-00267-SH, 2026 WL 279633, at *5 (N.D. Okla. Feb. 3, 2026) (same); *M.C. v. Hollis Indep. Sch. Dist. No. 66*, No. CIV-15-343-C, 2017 WL 1102680, at *6 (W.D. Okla. Mar. 23, 2017) (same regarding superintendent and principal); *Doe v. Oologah-Talala Indep. Sch. Dist. No. 4*, No. 21-CV-240-JDR-SH, 2024 WL 1357612, at *5 (N.D. Okla. Mar. 29, 2024) (finding no alleged facts identifying an

assistant basketball coach as a person who is responsible for a student's health, safety, or welfare).

Plaintiffs try to avoid this result by arguing that teachers are subject to liability under the Children's Code through another statute, Okla. Stat. tit. 70, § 1210.163. (Dkt. No. 58 at 4–5.) Section 1210.163 was enacted in 2018 and, as relevant here, provides additional requirements for school employees to report to DHS and law enforcement whenever they have "reason to believe that a student under the age of eighteen (18) years is a victim of abuse or neglect . . . ." *Id.* § 1210.163(A) (2023).[5] Reports to DHS are to be made pursuant to the hotline discussed in the Children's Code. *Id.*

This does not, however, mean that a violation of section 1210.163 is, itself, a violation of the Children's Code. Instead, the laws are separate and distinct. Notwithstanding section 1210.163, school employees have reporting obligations under the Children's Code.[6] *See* Okla. Stat. tit. 10A, § 1-2-101(B)(2)(a) ("Every school employee . . . shall report . . . ."). However, as noted above, that reporting obligation is limited to harm caused by a "person responsible for the child's health, safety, or welfare." Section 1210.163 is different, in that it expands the definition of "child abuse and neglect" to include things like criminal child abuse (which has a broader definition of abuse than that found in the Children's Code),[7] contributing to the delinquency of a minor, procuring or

---

[5] Again, the statute has been amended multiple times since the 2023–2024 school year, and the Court will reference the version of the statute in effect in February 2024.

[6] As such, Plaintiffs' statement is incorrect that the "statute that invokes liability set forth in Section 1-2-101 of Title 10A upon schools and teachers is Title 70 O.S. Section 1210.163 . . . ." (Dkt. No. 58 at 4.) The statute that invokes liability as set for in section 1-2-101 on schools and teachers is section 1-2-101, itself.

[7] During the relevant time period, Oklahoma's criminal code defined "child abuse" as including abuse similar to that listed in the Children's Code <u>and</u> "the act of willfully or

causing a minor to participate in child pornography, and making lewd or indecent proposals to a child. *See* Okla. Stat. tit. 70, § 1210.163(D). These are two different statutes with different scopes and purposes. *See Russell v. Chase Inv. Servs. Corp.*, 2009 OK 22, ¶ 20, 212 P.3d 1178, 1185 (noting Oklahoma's courts construe "statutes to avoid rendering any language superfluous"). Plaintiffs #1–13 have not alleged a violation of the Children's Code as the basis of their claim for negligence per se.

Plaintiffs #1–13 do not allege they were harmed by a violation of section 1210.163 standing alone, and they do not argue they have stated a claim for negligence per se absent a violation of the Children's Code. The undersigned, therefore, does not consider whether Plaintiffs could state a claim of negligence per se based on a violation of Okla. Stat. tit. 70, § 1210.163.

### *Conclusion*

Plaintiffs #1–13 base their claims of negligence per se on a statute that was not violated under the facts alleged in the complaint. They have failed to state a claim for which relief may be granted.

IT IS THEREFORE ORDERED that *Defendant School District's Motion to Dismiss* (Dkt. No. 51) is GRANTED. The claims of Plaintiffs #1–13 for negligence per se are DISMISSED WITHOUT PREJUDICE.

ORDERED this 9th day of February, 2026.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

maliciously injuring, torturing or maiming a child under eighteen (18) years of age by any person . . . ." Okla. Stat. tit. 21, § 843.5(O)(1) (2023).